UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANDREW RAKIM HALLIBURTON,

    Petitioner,

    v.

SHERIFF,

    Respondent.

CAUSE NO. 3:20-CV-187-DRL-MGG

OPINION AND ORDER

Deandrew Halliburton, a prisoner without a lawyer, filed a habeas corpus petition challenging his conviction for theft, a Level 6 felony, under Cause No. 92C01-1812-F5-172. Before considering the merits of Mr. Halliburton's habeas corpus petition, this court must ensure that he has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Mr. Halliburton raises only one ground in his petition—that his conviction violates the Double Jeopardy Clause. ECF 1 at 3. He admits he did not present this issue to the Indiana Supreme Court. *Id.* While he filed a direct appeal, he raised only one issue on appeal—whether the evidence was sufficient to support his conviction. *Halliburton v. Indiana*, No. 19A-CR-1235, 2019 WL 6646736 (Ind. Ct. App. Dec. 6, 2019) (unpublished table decision). He did not file a petition for post-conviction relief. Therefore, he has not exhausted his state court remedies, and this case must be dismissed without prejudice so that he can exhaust his claims in the state courts. Mr. Halliburton is advised that if, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Halliburton's one-year limitations period for federal habeas review began to accrue when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The Indiana Supreme Court denied his petition for transfer approximately two weeks ago. *Halliburton v. State*, No. 19A-CR-1235, 2020 WL 806222 (Ind. Feb. 13, 2010) (unpublished table decision). Therefore, dismissing this petition will not effectively end Mr. Halliburton's chance at federal habeas corpus review, and a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Mr. Halliburton are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

March 2, 2020            *s/ Damon R. Leichty*
                                                     Judge, United States District Court